FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

August 11, 2026

Christopher M. Wolpert
Clerk of Court

_____

In re:  ZACHARY RUSK,

  Debtor.

-----------------------------

ZACHARY RUSK,

  Appellant,

v.

DEREK BEUTLER,

  Appellee.

No. 25-4090
(BAP No. 25-010-UT)
(Bankruptcy Appellate Panel)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Zachary Rusk appeals pro se from a decision issued by the Tenth Circuit

Bankruptcy Appellate Panel (BAP).  Exercising jurisdiction under 28 U.S.C.

§ 158(d)(1), we affirm the BAP's decision because Rusk's appeal is frivolous and

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

fails to advance any coherent argument demonstrating how either the BAP or bankruptcy court erred.

I

This appeal grew out of Rusk's Chapter 13 bankruptcy proceedings. During those proceedings, he was represented by an attorney, Appellee Derek Beutler. After Rusk's Chapter 13 plan was confirmed, Beutler moved to withdraw, citing a breakdown in communications with Rusk. Rusk, however, filed a "Combined Motion to Strike and Motion for Contempt, Sanctions," in which he called Beutler a "pathological liar." R. at 121. He wrote:

> Beutler makes fraudulent, reckless, dangerous, wasteful, blanket, full-throated, delusional, unintelligible, painfully lazy, and conclusory claims devoid of evidence of fact and fails to provide any specific, threadbare allegations to support his claims littered in nefarious intent in order to deflect from his threats to Rusk via his most recent phone call.

R. at 122. After a hearing, the bankruptcy court denied Rusk's motion, and granted Beutler's motion to withdraw. The BAP affirmed, and Rusk appealed.

II

"Although [an] appeal is taken from the BAP's opinion, it is the decision of the bankruptcy court that we review." *In re Johnson*, 575 F.3d 1079, 1082 (10th Cir. 2009). But we cannot tell from Rusk's pro se opening brief what, if anything, he is appealing in the bankruptcy court's order denying his motion to strike and granting Beutler's motion to withdraw.

As a pro se party, Rusk's materials are entitled to a liberal construction, but we cannot formulate arguments or search the record on his behalf. *Garrett v. Selby*

2

*Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Pro se parties must follow the same rules of procedure that govern all litigants, and when they fail to do so, "we cannot fill the void by crafting arguments and performing the necessary legal research."  *Id.* at 841 (internal quotation marks omitted).  Among other things, "[a]n appellant's opening brief must identify 'appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'"  *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (quoting Fed. R. App. P. 28(a)(8)(A)).  When an appellant fails to comply with this rule— whether by neglecting to advance an adequately developed argument, *see, e.g., id.*; failing to address the reasoning of the decision under review, *see, e.g.*, *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1369-70 (10th Cir. 2015); or making frivolous, nonsensical statements, *see, e.g., Stafford v. United States*, 208 F.3d 1177, 1179-80 (10th Cir. 2000)—we affirm based on forfeiture, *see Bronson*, 500 F.3d at 1104-05, waiver, *see Nixon*, 784 F.3d at 1369, or failure to present non-frivolous arguments, *see Stafford*, 208 F.3d at 1179-80 & n.4.[1]

Rusk's appeal is frivolous.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (describing frivolous arguments as those lacking "an arguable basis either in law or in fact").  His opening brief offers no background or description of the decision he asks us to review, and it consists entirely of incomprehensible statements drifting

---

[1] By contrast, when an appellant has sought leave to proceed on appeal without prepayment of costs and fees under 28 U.S.C. § 1915(a), but advances frivolous arguments, we dismiss the appeal.  *See* § 1915(e)(2)(b)(i); *Stafford*, 208 F.3d at 1179 n.4.

from one topic to another, with no explanation how the BAP and bankruptcy court might have erred. *See GeoMetWatch Corp. v. Behunin*, 38 F.4th 1183, 1218 (10th Cir. 2022) (affirming because the appellant offered only "[s]cattered statements" and "inadequately briefed" arguments "adverted to in a perfunctory manner" (internal quotation marks omitted)). Indeed, Rusk invokes a host of legal doctrines without any coherent explanation of how they relate to his case, if at all. Among other things, his opening brief references

- the Supremacy Clause, Aplt. Opening Br. at 2;

- the Supreme Court's Second Amendment decision in *United States v. Rahimi*, 602 U.S. 680 (2024), Aplt. Opening Br. at 2;

- the Civil Rights Act, 42 U.S.C. §§ 2000a to 2000a-6, Aplt. Opening Br. at 3;

- the First Amendment, Aplt. Opening Br. at 5;

- the doctrine of absolute judicial immunity, *id.* at 7;

- the Fifth Amendment Takings Clause, *id.* at 9;

- the Fourteenth Amendment Privileges and Immunities Clause, *id.* at 10; and

- Cannon 3 of the Code of Judicial Conduct, *id.* at 16.

Without explaining how any of these doctrines bear on his case, Rusk tells us he "was held against his will, effectively at gunpoint, after [being] robbed and stolen from his places of residence on or around April 10, 2023, human trafficked to Montana, forced imprisoned, once again, [E]ighth [A]mendment violated left and

4

right, and not released until the evening before Thanksgiving in November of 2024." *Id.* at 19.

Thereafter, Rusk discusses contempt and "[v]ery high profile yet contemptible lawyers," including Rudy Giuliani, Sidney Powell, Linn Wood, and Alex Murdaugh. *Id.* at 22 (internal quotation marks omitted). Still with no explanation, he contends "a litigant claiming his constitutional privilege against self-incrimination in discovery could not then waive it and testify at trial." *Id.* at 24. Rusk then shifts to yet another unexplained and unrelated statement that "[d]istrict courts have the inherent power to dismiss an action or enter a default judgment to ensure the orderly administration of justice and the integrity of their orders." *Id.* at 26 (internal quotation marks omitted).

Finally, Rusk mentions "[t]he U.S. Department of Justice's Commemoration of the . . . 60th Anniversary of *Gideon v. Wainwright*[, 372 U.S. 335 (1963)]." Aplt. Opening Br. at 28. He then concludes that a *trial* court, by which he presumably means the *bankruptcy* court here, committed plain error, entitling him to declaratory and injunctive relief:

> The trial court[']s plain error affected petitioner[']s substantial rights and seriously impacted the fairness of this judicial proceeding. The trial court acted arbitrary, if not discriminatory and capricious in its unrestrained, impulsive and whimsical temperament. Appellant requests that this court issue a declaration affirming the nullification of the inferior courts' rulings, issue a writ of prohibition ordering the inferior courts implicated be [sic] restrained from further gross miscarriages of justice, and grant further injunctive relief including a full and complete hardship discharge.

*Id.* at 30.

We do not know what to make of these statements, and it is not our role to craft arguments on Rusk's behalf. *See Garrett v*, 425 F.3d at 840-41. Because Rusk fails to advance any non-frivolous argument, adequately supported by citations to the record and the relevant legal authorities explaining how the bankruptcy court erred, we are bound to affirm.

III

The BAP's judgment is affirmed. Rusk's outstanding motion and all other requests for relief are denied as moot.

Entered for the Court

Per Curiam